UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                              CRIMINAL ACTION NO. 4:271-CR-0010-GNS

JONATHAN BROWN                                                                              DEFENDANT

SENTENCING MEMORANDUM
-Filed Electronically-

Comes the United States of America, by counsel, Assistant United States Attorney Frank E. Dahl III, and files its sentencing memorandum in this action currently scheduled for a sentencing hearing on April 9, 2024. The United States has received and reviewed the Final Presentence Investigation Report (PSR) for the above-named defendant and has no objections thereto. In addition, the United States will not call any witnesses at the hearing. Several victim impact statements have already been filed with the Court.

FACTUAL BACKGROUND – OFFENSE CONDUCT

The United States agrees with the factual background and offense conduct as set forth in the final PSR. (DN 68 PSR, ¶¶ 15-21).

GUIDELINE LEVEL CALCULATION

As is discussed in the PSR, the parties in this case stipulated to certain guidelines calculations which are different than those calculated in the PSR. Specifically, the parties agreed in the "B" plea agreement that the appropriate final offense level should be 35. (DN 68 PSR, ¶¶ 11). However, the United States Probation Office calculated the final offense level at 21. (DN 68 PSR, ¶ 36). After a thorough review of the PSR and relevant law, the United States agrees that the

PSR calculations are correct; although, for the reasons set forth below the United States will request that this Court vary upward from the guideline range.

## CRIMINAL HISTORY

The United States agrees with the criminal history calculation prepared by the United States Probation Office of a Criminal History Category II. (*Id*. at ¶ 43).

## SENTENCING FACTORS

As noted above the United States agrees with that United States Probation Office's final Presentence Investigation Report guideline calculations are correct the resulting guideline range as set forth in the PSR is 41-51 months (Id at ¶ 71).

This Court must impose a sentence for the defendant which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5) any pertinent policy statement--

    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

As discussed above, the parties in this case entered into a "B" plea agreement in which the parties stipulated to a final offense level calculation of 35. This agreement was entered into by the parties in exchange for the dismissal of the underlying indictment, which carries a 20-year mandatory minimum. Th United States entered into the instant agreement after consultation with the victim's family, the lead agent, and the thorough review of the defendant's culpability. However, subsequent to this Court accepting the plea agreement, the parties learned that the probation office disagreed with the calculations and that the guideline range would be much lower.

The United States is respectfully asking this Court to follow the agreement of the parties and grant an upward variance from the guideline range pursuant to U.S.S.G. 5K2.2 to achieve that result. The United States asserts that the defendant's admission to the Court in the plea agreement and the plea colloquy, that his conduct resulted in the death of the victim, supports the variance. (See also, PSR ¶ 90). With a final offense level of 35, and a Criminal History Category II, the resulting guideline range would be 188-235 months. If the Court grants the United States' motion for an upward variance as discussed, the United States will recommend a sentence of 188 months, which is the lowest end of that guideline range. This is the agreement the parties made, and it is fair and just based on the totality of the circumstances in this case.

Based upon the loss of life in this case, the concessions made by the United States in reaching this agreement, and to be further explored at sentencing, the United States respectfully submits that the guideline range as set forth in the PSR is woefully insufficient to reflect a sentence that is sufficient but not greater than necessary.

## CONCLUSION

WHEREFORE, based on the reasons set forth above, the United States respectfully requests the Court to impose a sentence of 188 months.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

_____
Frank E. Dahl III
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6772
Email: frank.dahl@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that on April 8, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

_____
Frank E. Dahl III
Assistant United States Attorney